United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Mariarosaria Ciavolino, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 19-22643 -Civ-Scola |
| | ) |
| Andrew Saul, Commissioner for Social Security, Defendant. | ) ) |

## Order Granting Plaintiff's Unopposed Motion for Attorney's Fees under 42 U.S.C. § 406(b)(1)

Counsel for Plaintiff Mariarosaria Ciavolino seeks the Court's approval for an award of fees based upon a contingency agreement entitling counsel to twenty-five percent of the retroactive benefits awarded to Ciavolino. (Pl.'s Mot. for Fees, ECF No. 17.)[1] Although the Court considers the amount of the award extraordinary, considering the number of hours expended by counsel, the Court nonetheless **grants** the motion (**ECF No. 17**) for the following reasons.

In evaluating a motion for fees under § 406(b), a court must take into account a number of factors: whether the award represents a windfall to counsel; whether counsel's "success is attributable to his own work or instead to some unearned advantage"; counsel's "degree of expertise and adequacy of representation"; "the percentage of back benefits sought"; counsel's "risk of loss"; "the agreement made by the parties"; the "overall complexity of the case"; and "the significance of the result achieved." *Gossett v. Soc. Sec. Admin., Comm'r*, 812 F. App'x 847, 850–51 (11th Cir. 2020) (cleaned up). Based on the Court's evaluation of these factors and the particular circumstances of this case, the Court approves the award.

First, the Court notes, importantly, neither the Commissioner nor Ciavolino, oppose the motion. Next, it is undisputed that counsel's success in this case is attributable to his own work and not to some unearned advantage. In fact, as counsel points out, he was at a disadvantage in this case, facing a great risk of loss, considering he was retained *after* Ciavolino's claims were denied though all levels of administrative adjudication. (Pl.'s Mot. at 5.) Further, counsel has over twenty years of social-security disability representation and Ciavolino's case has been challenged at nearly every turn in this dispute. (*Id.*) Moreover, upon remand, counsel had to continue developing Ciavolino's claims until prevailing, yielding the best possible outcome for her. Finally, there is no dispute that counsel and Ciavolino entered into a valid contingency-fee agreement. Accordingly, despite the

---

[1] The Court grants what it construes as counsel's unopposed motion for an extension of time, accepting his late-filed motion for fees as timely.

apparent windfall to counsel, in the amount of $23,673.85, for 37.07 of attorney hours and 8.79 paralegal hours (Counsel's Aff., ECF No. 17-1), the Court nonetheless finds the award reasonable in light of its consideration of the record and its evaluation of the relevant factors. *See Gossett*, 812 F. App'x at 850 (noting that whether an award represents a windfall cannot be considered in isolation from all the other relevant factors and circumstances of a case).

Accordingly, the Court **grants** Ciavolino's motion (**ECF No. 17**), awarding counsel in this case **$23,673.85** in attorney's fees.

**Done and ordered** at Miami, Florida on July 27, 2021.

Robert N. Scola, Jr.
United States District Judge